UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JOHNATHAN JOHNSON,

                **Plaintiff,**

   **-against-**                                    **9:07-CV-1237**
                                                **(TJM/DEP)**

B. CONNOLLY, Doctor et al.,

                **Defendants.**
_____

**THOMAS J. McAVOY,**
**Senior United States District Judge**

## DECISION & ORDER

**I. INTRODUCTION**

      This *pro se* action brought pursuant to 42 U.S.C. § 1983 was referred by this Court to the Hon. David E. Peebles, United States Magistrate Judge, for a Report and Recommendation pursuant to 28 U.S.C. § 636(b) and Local Rule N.D.N.Y. 72.3(c). As Magistrate Judge Peebles explained in his Report and Recommendation ("Rep. Rec.") [Dkt. No. 71] dated March 15, 2010:

> [p]laintiff Johnathan Johnson, a New York prison inmate and a prodigious litigant, has commenced this suit pursuant to 42 U.S.C. § 1983 alleging deprivation of his civil rights. In his complaint, plaintiff asserts that prison officials at the Upstate Correctional Facility ("Upstate") were deliberately indifferent to his medical needs following his transfer into that facility, including by not providing him with medication previously prescribed for him at other prison facilities, and that his transfer into Upstate was in retaliation for his having engaged

1

> in protected activity. Plaintiff's complaint seeks both equitable relief, in the form of an unspecified permanent injunction, and recovery of compensatory and punitive damages. Currently pending before the court is defendants' motion for summary judgment seeking dismissal of plaintiff's complaint in its entirety. In their motion, defendants assert that the record does not support either of plaintiff's substantive claims and that they are, therefore, entitled to judgment dismissing those claims as a matter of law.

Rep. Rec. pp. 2-3.

Magistrate Judge Peebles recommended that the motion for summary judgment [Dkt. No. 68] be GRANTED with respect to all claims except Plaintiff's retaliation cause of action against Defendant Burge, as to which Judge Peebles concluded that genuine issues of fact existed thereby precluding summary judgment. See Id. p. 3.

Plaintiff and Defendants have filed objections to the Report and Recommendation.

## II.   STANDARD OF REVIEW

When objections to a magistrate judge's report and recommendation are lodged, the district court makes a "*de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." See 28 U.S.C. § 636(b)(1)(C).  General or conclusory objections, or objections which merely recite the same arguments presented to the magistrate judge, are reviewed for clear error.  Farid v. Bouey, 554 F. Supp. 2d 301, 306 n.2 (N.D.N.Y. 2008); see Frankel v. N.Y.C., 2009 WL 465645 at *2 (S.D.N.Y. Feb. 25,

2009).[1]  After reviewing the Report-Recommendation, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1)(C).

### III.    DISCUSSION

Plaintiff's objections to the Report and Recommendation ("Pl.'s Obj.") [Dkt. No. 74] are, for the most part, general conclusory arguments or arguments that were presented to Magistrate Judge Peebles.  Having reviewed those arguments and the Report and Recommendation, the Court finds no clear error, and adopts those portions of the Report and Recommendation addressed to these issues.

One issue Plaintiff raises warrants further discussion. Plaintiff alleges that the inactions of Defendants Fischer, LeClaire, Knapp-David, and Bezio clearly satisfy the "personal involvement" test because, "after learning of the violation through a report or appeal, [the defendants] . . . failed to remedy the wrong." Wright v. Smith, 21 F.3d 496, 501 (2d Cir. 1994) (citing Moffitt v. Town of

---

[1] The Southern District wrote in Frankel:

> The Court must make a *de novo* determination to the extent that a party makes specific objections to a magistrate's findings. United States v. Male Juvenile, 121 F.3d 34, 38 (2d Cir.1997). When a party makes only conclusory or general objections, or simply reiterates the original arguments, the Court will review the report strictly for clear error. See Pearson-Fraser v. Bell Atl., No. 01 Civ. 2343, 2003 WL 43367, at *1 (S.D.N.Y. Jan. 6, 2003); Camardo v. Gen. Motors Hourly-Rate Employees Pension Plan, 806 F. Supp. 380, 382 (W.D.N.Y.1992).  Similarly, "objections that are merely perfunctory responses argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original [papers] will not suffice to invoke de novo review." Vega v. Artuz, No. 97 Civ. 3775, 2002 WL 31174466, at *1 (S.D.N.Y. Sept. 30, 2002).

2009 WL 465645, at *2.

Brookfield, 950 F.2d 880, 885 (2d Cir. 1991) and McKinnon v. Patterson, 568 F.2d 930, 934 (2d Cir. 1977), cert. denied, 434 U.S. 1087, 98 S. Ct. 1282 (1978)). Plaintiff supports this assertion with letters he had written to these Defendants, citing Exhibits C, F, G, L, R, and Q. Pl.'s Obj. pp. 3-5.  However, even if Defendants had received these letters, it does not change the outcome because "sending a letter to a supervisory official does not amount to the level of personal involvement necessary to state a claim under § 1983." Kinch v. Artuz, No. 97-CV-2419, 1997 WL 576038, at *3 (S.D.N.Y. Sept. 15, 1997); see also Murray v. Coughlin, No. 91-CV-0476, 1995 WL 128968, at *6 (W.D.N.Y. Mar. 15, 1995) (holding that complaint letters sent by Plaintiff to a supervisory official within a prison do not amount to the supervisor's personal involvement) (citing Garrido v. Coughlin, 716 F. Supp. 98, 100 (S.D.N.Y. 1989)).

Furthermore, assuming *arguendo* that Plaintiff's letters could demonstrate Defendants' personal involvement with Plaintiff's medical treatment at Upstate, Plaintiff cannot show that there was a serious medical need sufficient to support a deliberate medical indifference claim. The Court agrees with Judge Peebles that:

> [f]rom the record in this case no reasonable factfinder could conclude that any of the conditions giving rise to the prescription medications of which plaintiff was deprived over an exceedingly brief period while at Upstate qualifies as serious for constitutional purposes. The medications involved were directed toward such modest conditions as lactose intolerance, nasal congestion, ankle pain, a gastrointestinal condition, and dry or irritated skin. The record is devoid of any indication that these conditions presented situations of urgency or resulted in degeneration or extreme pain over the brief period involved.

4

Rep. Rec. pp. 22.

Defendants' objections ("Defs.' Obj.") [Dkt. No. 72] to the Report and Recommendation are also without merit.  First, Defendants claim that the Court has abused its discretion by excusing Plaintiff's failure to file any opposition to Defendants' statement of material facts as required by Local Rule 7.1(a)(3). Defs.' Obj. p. 1.  However, Defendants have misapplied the narrow holding of the authority upon which they rely: Hassig v. N.Y.S. Dep't of Environmental Conservation, 01-CV-0285, Decision and Order, at 5-6 (N.D.N.Y. filed March 4, 2004) (McAvoy, J.), aff'd, No. 04-1773, 2005 WL 290210 (2d Cir. Feb. 2, 2005).  In Hassig, this Court adhered to a strict application of Local Rule 7.1(a)(3) because the *pro se* claimant did not present any admissible evidence creating a question of material fact. In contrast, Plaintiff Johnson *has* submitted admissible evidence in support of the existence of a question of material fact, albeit not in compliance with Local Rule 7.1(a)(3). Thus, for the reasons set forth in this Court's May 6, 2004 Decision and Order in Gibson v. Vitale, 01-CV-697 (N.D.N.Y. 2004), the Court finds that it was appropriate for Magistrate Judge Peebles to consider Plaintiff's opposition despite that it was not in compliance with Local Rule 7.1(a)(3). See Gibson, 01-CV-697, 5/6/05 Dec. & Ord., pp. 3-7 [Dkt. No. 86].[2]  Accordingly, the

---

[2] In Gibson, this Court wrote:

While it is true that Plaintiff's opposition did not strictly comply with the Local Rules because his response to the Defendants' Statement of Material Facts did not "mirror the movant's Statement of Material Facts by admitting and/or denying each of the movant's assertions in matching numbered paragraphs," N.D.N.Y. LOCAL RULE 7.1(a)(3), that procedural defect was not, in this Court's opinion, of such magnitude that it justified overriding the Federal

(continued...)

5

Court adopts Judge Peebles' recommendation with respect to this issue.

With regard to Defendants' retaliatory transfer claim, there are genuine questions of material fact that must be resolved. The Second Circuit has routinely held that temporal proximity between a grievance and a retaliatory act provides circumstantial evidence of retaliation. See Gayle v. Gonyea, 313 F.3d 677, 683 (2d Cir. 2002) (citing Colon v. Coughlin, 58 F.3d 865, 872 (2d Cir. 1995)). Thus, the temporal proximity of Plaintiff's complaint and transfer, together with Defendant Burge's alleged remark to Plaintiff, see Am. Compl. ¶ 19, demonstrate the existence of a genuine question of material fact as to whether there was a retaliatory motive involved. Accordingly, the Court adopts Judge Peebles recommendation with regard to the retaliatory transfer claim. Rep. Rec. pp. 14-19.

On similar grounds, the Court agrees with Magistrate Judge Peeobles that Defendant Burge is not entitled to qualified immunity at this time because there

---

²(...continued)
Rules' primary consideration of a just resolution of the motion. Indeed, the Second Circuit has repeatedly expressed the "jurisprudential preference for adjudication of cases on their merits rather than on the basis of formalities." Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1988); see Enron Oil Corp. v. Diakuhara, 10 F.3d 90, 95 (2d Cir. 1993) (noting the Second Circuit's "oft-stated preference for resolving disputes on the merits").

There is a big difference between no opposition or, as was the case in Hassig (which was also cited by Defendants in support of their motion for reconsideration), opposition that is legally incompetent, see Hassig v. Cahill, 01-CV-0284, March 4, 2004 Decision and Order, p. 7 (N.D.N.Y. 2004), and substantive opposition that, although perhaps procedurally improper, is legally sufficient to create a genuine question of material fact. As this Court has done on numerous occasions, when a *pro se* litigant submits opposition to a motion for summary judgment that is not in strict compliance with the Local Rules' "mirror response" requirement, the Court attempts to find some parity between the moving and opposing Statement of Material Fact. See, e.g., Janneh v. Endvest Inc., 01-CV-0144, July 24, 2002 Decision and Order (N.D.N.Y. 2002), aff'd Summary Order, 02-7926 (2d Cir. 2003). Such an effort complies with the dictates of the Federal Rules and affords the parties substantial justice.

exists a question of fact as to whether Burge was involved with the transfer and whether Burge acted for unconstitutional reasons. "A plaintiff may be able to avoid summary judgment on the qualified immunity issue based on the subjective motivations of the defendants" so long as the plaintiff presents a "'particularized proffer of evidence of unconstitutional motive' sufficient to defeat the motion for summary judgment." Duamutef v. Hollins, 297 F.3d 108, 113 (2d Cir. 2002) (citing Blue v. Koren, 72 F.3d 1075, 1082-84 (2d Cir. 1995)). "[T]he particularized evidence of improper motive may include expressions by the officials involved *regarding their state of mind*, circumstances suggesting in a substantial fashion that the plaintiff has been singled out, or the highly unusual nature of the actions taken." Koren, 72 F.3d at 1084 (emphasis added). Because Plaintiff has presented evidence of Defendant Burge's state of mind, Am. Compl. [Dkt. No. 7] ¶ 19, the Court denies the motion for summary judgment with respect to Defendant Burge's qualified immunity claim.

     Defendants' objection with regard to the Mt. Healthy defense is also without merit for substantially the same reason. The Mt. Healthy defense in this case relies heavily on a question of fact that cannot be ruled upon on a motion for summary judgment. "As in any Mt. Healthy defense, an issue exists of hypothetical causation. The resolution of that issue depends heavily on the credibility of witnesses. Such credibility, of course, presents and issue of fact which cannot be resolved on a motion for summary judgment." Schallop v. New York State Dept. of Law, 20 F. Supp. 2d 384, 394-395 (N.D.N.Y. 1998); see also Fischl v. Armitage,

7

128 F.3d 50, 55 (2d Cir. 1997) (credibility determination inappropriate on motion for summary judgment).  Thus, the Court adopts Judge Peebles recommendation with regard to the Mt. Healthy defense. Rep. Rec. p. 19.

**IV.    CONCLUSION**

Having reviewed Magistrate Judge Peebles' Report and Recommendation, and having considered Plaintiff's and Defendants' objections, the Court adopts Judge Peebles' Report and Recommendation for the reasons stated therein.

Accordingly, it is hereby **ORDERED** that Defendants' motion for summary judgment [Dkt. No. 68] is **GRANTED in part and DENIED in part**.   The motion is granted as to Plaintiff's deliberate medical indifference cause of action and all claims against Defendants Fischer, LeClaire, Knapp-David, Smith, Bezio, Connolly, Atkinson, Miles, and Mulverhill, and these claims are **DISMISSED.**  Defendants' motion is denied as to Plaintiff's cause of action against Defendant Burge alleging a retaliatory transfer, and this claim remains as the sole claim to be tried in this matter.

**IT IS SO ORDERED**.

DATED: June 25, 2010

Thomas J. McAvoy
Senior, U.S. District Judge