UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JOHNATHAN JOHNSON,

                                **Plaintiff,**

  -against-                                                  9:07-CV-1237
                                                              (TJM/DEP)

B. CONNOLLY, Doctor *et al.*,

                                **Defendants.**
_____

**THOMAS J. McAVOY,**
**Senior United States District Judge**

## DECISION & ORDER

     Plaintiff filed a motion on March 30, 2010 [dkt. # 75] to vacate the Court's January 30, 2008 Decision and Order [dkt. # 30] that denied Plaintiff a preliminary injunction transferring him from Upstate Correctional Facility to another correctional facility. See 130/08 Dec. & Ord. Plaintiff's motion for the preliminary injunction was based upon his concerns about his safety and his family's safety during visits. See id. The Court denied the motion finding, *inter alia*, "that Plaintiff has failed to establish a likelihood of success on the merits or sufficiently serious questions going to the merits and a balance of hardships tipping decidedly toward the Plaintiff." Id. p. 10. Plaintiff appealed the denial of the preliminary injunction, and subsequently filed another motion for a preliminary injunction seeking, *inter alia*, the same relief.

     In a Decision and Order dated August 21, 2008, the Court denied Johnson's

1

second preliminary injunction.  See 8/21/08 Dec. & Ord. [dkt. # 48].  Johnson appealed that decision as well.

On November 12, 2009, the Second Circuit Court of Appeals issued a Mandate affirming the Court's January 30, 2008 Decision and Order that denied the first preliminary injunction. See 11/12/09 Mandate [dkt. # 70].  In the Mandate, the Circuit concluded that this Court "did not err in denying Johnson's motion for a preliminary injunction because he failed to make the required showing of a clear and substantial likelihood of success on the merits of his Eighth Amendment claim" alleging deliberate indifference to his safety.  Id.

On July 29, 2010, the Second Circuit issued a Mandate affirming the Court's August 21, 2008 Decision and Order.  See 7/29/10 Mandate [dkt. # 80].  In affirming the denial of the second preliminary injunction, the Second Circuit found no abuse of discretion because "Johnson failed to demonstrate a clear or substantial likelihood of success on the merits of his Eight Amendment claim." Id., p. 3.

Defendant's motion for reconsideration of the January 30, 2008 Decision and Order is based upon Magistrate Judge Peebles's Report and Recommendation on Defendants' summary judgment motion.  There, Judge Peebles recommended that the retaliatory transfer claim against Defendant Burge, asserting that Plaintiff's transfer out of Elmira Correctional Facility and into Upstate Correctional Facility was motivated by Plaintiff's contemplation of a lawsuit regarding a November 13, 2006 incident, be maintained because questions of fact existed as to Burge's involvement in the transfer decision and Burge's motivation if he was involved in the decision. See Rep. Rec. pp. 14-19.  Plaintiff asserts that the recommendation to maintain the claim against Burge "proves that Plaintiff could not have alerted this Court to the facts now raised for injunctive relief, [permanent]

2

[*sic*] transferring Plaintiff out of Upstate and into another facility for the safety of both Johnson and his family." Mot. pp. 2-3 (brackets in original).

The Court fails to see how the existence of questions of fact impacting whether Burge was involved in Plaintiff's transfer *to Upstate Correctional Facility*, or Burge's motivation if Burge was involved in the transfer decision, demonstrates a clear or substantial likelihood of success on an Eight Amendment claim asserting that prison officials *at Upstate Correctional Facility* were deliberately indifferent to Plaintiff's safety. The Court finds no basis to reconsider or vacate the Court's January 30, 2008 Decision and Order, especially in light of the fact that the decision, and a subsequent decision denying the same relief, were affirmed by the Second Circuit. Moreover, the claim against Burge is the sole remaining claim in this case. See 6/25/10 Dec. & Ord.

Accordingly, Plaintiff's motion [dkt. # 75] to vacate the Court's January 30, 2008 Decision and Order is **DENIED**.

**IT IS SO ORDERED**

DATED: August 19, 2010

Thomas J. McAvoy
Senior, U.S. District Judge

3